IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-03145-CMA-NRN

MARIA E. BLEA,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER DEPARTMENT OF HUMAN SERVICES,
BRIAN YAUK,
TONI BELLUCCI,
GARY CRAIN,
LORI NOBLE,
JUNE ALLEN, and
PAUL CAVENDER,

    Defendants.

## ORDER ADOPTING THE NOVEMBER 26, 2018 RECOMMENDATION BY UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon the November 26, 2018 Recommendation by United States Magistrate Judge Reid Neureiter that this Court grant Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. # 37). (Doc. # 51.) Plaintiff Maria Blea objects to Magistrate Judge Neureiter's Recommendation on several grounds, only one of which concerns the substance of the Recommendation. (Doc. # 52.) For the reasons described herein, Plaintiff's objections are overruled. The Court affirms and adopts the Recommendation and grants Defendants' Motion to Dismiss.

## I. BACKGROUND

The Magistrate Judge's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objections.

Plaintiff was employed as an "Accounting Tech 1" by City and County of Denver Department of Human Services ("Defendant DDHS") in 2015 and worked alongside or was supervised by Defendants Brian Yauk, Toni Bellucci, Gary Crain, Lori Noble, June Allen, and Paul Cavender (together, the "Individual Defendants") at all relevant times. (Doc. # 7 at 8.) She alleges that she is (and was, at all relevant times) diagnosed with multiple chemical sensitivities; stated differently, she is allergic to perfumes, lotions, and fragrances. (Doc. # 51 at 2.) From what Magistrate Judge Neureiter gathered from Plaintiff's argument at a hearing on Defendants' Motion to Dismiss, Defendant DDHS gave her an office as an accommodation so that she could work without exposure to fragrances or lotions from her coworkers, but when she attended meetings, Plaintiff had to wear sunglasses, a mask, and gloves. (*Id.*)

Plaintiff proceeds *pro se* and brings her suit against Defendants under the Americans with Disabilities Act (the "ADA"), claiming "discrimination/retaliation against a person with a disability." (Doc. # 7 at 5.) She alleges that Defendants engaged in a litany of discriminatory practices against her because of her disability, including unequal treatment regarding leave, assignment of additional work, and exclusion from parties. (*Id*. at 8–9.) Plaintiff complains that Defendants' discriminatory practices "created a

hostile work environment and caused [her] to no longer feel safe in the work environment," which in turned caused her to develop PTSD, have "massive panic attacks," render her unable to return to work, and lead her to "lose her employment, her house, and her ability to work." (*Id*.)

Defendants filed their Motion to Dismiss on July 27, 2018, and request relief pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. # 37.) First, Defendant DDHS seeks dismissal of Plaintiff's claim against it under Rule 12(b)(1), arguing that the claim against it is barred by sovereign immunity, as guaranteed by the Eleventh Amendment. (*Id*. at 3–5.) Second, Individual Defendants seek dismissal of Plaintiff's claim under Rule 12(b)(6) for failure to state a claim on the ground that "there is no individual liability under the ADA." (*Id*. at 5–6.)

Plaintiff responded to Defendants' Motion to Dismiss on October 17, 2018.[1] (Doc. # 48.) Much of Plaintiff's Response is block quotes from unknown sources about the ADA and Colorado regulations. (*Id.*)

On November 16, 2018, Magistrate Judge Neureiter heard "extensive" argument on the Motion to Dismiss. (Doc. # 51 at 2.) Plaintiff presented argument on her own behalf.

Magistrate Judge Neureiter issued his Report and Recommendation on November 26, 2018, and recommended that this Court grant Defendants' Motion to Dismiss. (*Id*.) He agreed that Defendant DDHS is entitled to sovereign immunity under

---

[1] Plaintiff's Response was not timely filed.

the Eleventh Amendment and that Individual Defendants are not "covered entities" and therefore cannot be liable under the ADA. (*Id.*)

Plaintiff filed her Objection to the Recommendation on December 7, 2018. (Doc. # 52.) Defendants responded to the Objection on December 20, 2018. (Doc. # 53.)

## II. LEGAL STANDARDS

### A. REVIEWING AN OBJECTION TO A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. *PRO SE* STATUS

When a party proceeds *pro se*, as Plaintiff does here, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A *pro se* litigant is still bound by the rules of federal and appellate procedure. *Abdelsamed v. United States*, 13 F. App'x. 883, 884 (10th Cir. 2001).

## C. DISCUSSION

Plaintiff's Objection covers a broad swath of issues, only one of which concerns the Recommendation. *See* (Doc. # 52.) For example, she discusses when and how she attempted to file suits against Defendants after receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission, recordings she allegedly possesses showing Defendants' discriminatory conduct, and how her former colleagues violated the Department's Code of Ethics. (*Id.*) This material does not relate Magistrate Judge Neureiter's analyses under Rules 12(b)(1) and 12(b)(6), and the Court accordingly disregards it.

Plaintiff specifically objects to the Recommendation to the extent that Magistrate Judge Neureiter recommended that the claim against Individual Defendants be dismissed pursuant to Rule 12(b)(6). (*Id.* at 4.) Plaintiff argues that "Rule 12(b)(6) is not allowing [her] a fair case" because it is precluding her from conducting discovery, where she "knows that additional facts will be found." (*Id.*) The Court is not without sympathy for Plaintiff's frustration that she may not reach the discovery phase of litigation and thus may not acquire evidence of discrimination she seeks. However, Plaintiff's objection does not address Magistrate Judge Neureiter's correct conclusion that the ADA does not permit a plaintiff to bring suit against his or her co-workers or supervisors in their individual capacities. *See* (Doc. # 51 at 9.) The Court is satisfied that Magistrate Judge Neureiter's analysis of case law from the Court of Appeals for the

Tenth Circuit and the language of the ADA, 42 U.S.C. § 12112(a), is sound. Because Plaintiff's argument does not address the controlling case law and statutory language, the Court must reject Plaintiff's Objection to the extent it takes issue with Magistrate Judge Neureiter's proper conclusion that Plaintiff's claim against Individual Defendants must be dismissed pursuant to Rule 12(b)(6).

Plaintiff does not object to the Magistrate Judge's discussion on why Plaintiff's claim against Defendant DDHS must be dismissed pursuant to Rule 12(b)(1). The Court agrees with Magistrate Judge Neureiter that Defendant DDHS is an arm of the state and therefore has sovereign immunity from suit under the Eleventh Amendment. *See* (Doc. # 51 at 8.)

### D. **CONCLUSION**

For the foregoing reasons, the Court ORDERS that Magistrate Judge Neureiter's Recommendation (Doc. # 51) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 37) is GRANTED. Plaintiff's claim against all Defendants is DISMISSED WITH PREJUDICE.

DATED: December 27, 2018

BY THE COURT:

*[signature]*

_____
CHRISTINE M. ARGUELLO
United States District Judge